| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF <u>FLORENCE</u> ) ) | |
| <u>CHRISTY LYNCH,</u> ) **Plaintiff(s)** ) ) | CIVIL ACTION COVERSHEET<br>2017-CP-21-<u>2826</u> |
| vs. ) ) | |
| <u>MUTUAL OF OMAHA INSURANCE CO.,</u> ) ) **Defendant(s)** ) | |

Submitted By: <u>Gregory D. Ammons</u>
Address: <u>516 South Coit Street</u>
<u>Florence, South Carolina 29501</u>

SC Bar #: 101083
Telephone #: 843-407-1583
Fax #: 888-247-0844
Other:
E-mail: gammons@smithammonslaw.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☒ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☒ Fraud/Bad Faith (150) | 20____-NI-____-____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:** _____

CERTIFIED: A TRUE COPY
_(signature)_
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.
Date: _____

FILED 2017 OCT 17

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous
SCCA / 234 (03/2016)                                                                                                  Page 1 of 2

Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE ) | Case No.: 2017-CP-21-2326 |
| ) | |
| CHRISTY LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **SUMMONS** |
| ) | |
| MUTUAL OF OMAHA INSURANCE ) | |
| CO., ) | |
| ) | |
| Defendant. ) | |

**TO: THE DEFENDANT ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of you Answer to said Complaint upon the subscriber at his office, Smith Ammons, LLC, 516 S. Coit Street, Florence, South Carolina 29501, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in said Complaint.

GREGORY D. AMMONS
SMITH AMMONS, LLC
516 S. Coit Street
Florence, SC 29501
(843) 407-1583

ATTORNEY FOR PLAINTIFF

Florence, South Carolina

September 27, 2017

CERTIFIED: A TRUE COPY

CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE ) | Case No.: 2017-CP-21-2826 |
| ) | |
| CHRISTY LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | (Jury Trial Requested) |
| MUTUAL OF OMAHA INSURANCE ) | |
| CO., ) | |
| ) | |
| Defendant. ) | |

Plaintiff, complaining of the Defendant, would respectfully show unto this Honorable Court:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of the County of Florence, State of South Carolina, residing at 3976 Billy Green Road in the Town of Florence.

2. Upon information and belief, the Defendant is a business incorporated in the State of Nebraska and doing business in the County of Florence, State of South Carolina, through its agents, servants and/or employees.

3. That this Court has jurisdiction over the parties and subject matter of this action and venue is proper in this Court because this case concerns services rendered in the County of Florence; and Defendant conducts business in the County of Florence.

### BACKGROUND

4. That on or around December 12, 2014, Plaintiff's mother, Linda F. Hanna, slipped and fell while trying to get off of a couch in her home.

5. That when Ms. Hanna fell, she fell face/head first onto her mahogany glass top

CERTIFIED: A TRUE COPY
*signature*
CLERK OF COURT C.P. & G.S.
FLORENCE COUNTY, S.C.

coffee table.

6. From the time of Ms. Hanna's fall until April 14, 2015, she had many medical issues stemming from her fall.

7. Ms. Hanna passed away on April 14, 2015.

8. That prior to Ms. Hanna's fall, she purchased an accidental death policy through Defendant with a Coverage ID of 744722-28.

9. Plaintiff was named beneficiary on the policy held with Defendant.

10. Ms. Hanna's fall was a complete and total accident, and Plaintiff should be given the amount per the accidental death policy held by Ms. Hanna until the date of her death.

### FOR A FIRST CAUSE OF ACTION
### (Breach of Insurance Contract)

11. Each and every allegation contained in the foregoing not inconsistent herewith is reiterated in the same manner or to the same extent as it fully set froth verbatim herein.

12. That, at all times hereinafter mentioned, Defendant, through their agents, servants and/or employees, sold Ms. Hanna an accidental death policy, designated as Coverage ID of 744722-28.

13. That at all times relevant hereto, the insurance policy aforementioned was in full force and effect and all premium payments were current and Ms. Hanna complied with all conditions precedent to payment of first party benefits.

14. Defendant agreed to cover any accidental death of Ms. Hanna.

15. Ms. Hanna fell on April 14, 2015, which was the ultimate cause of her death.

16. Ms. Hanna's fall was an accident, thus should be covered under the accidental death policy with Defendant.

17. Plaintiff is informed and believes that she is entitled to a judgment against

Defendant for the claim she has submitted which has been wrongfully refused together with interest from the date of bringing this action including attorney's fees for refusal to pay this claim without reasonable cause and in bad faith pursuant to Section 38-59-40, South Carolina Code of Laws, 1976.

**FOR A SECOND CAUSE OF ACTION**
**(Bad Faith Refusal to Pay First Party Benefits Under an Insurance Policy)**

18.   Each and every allegation contained in the foregoing not inconsistent herewith is reiterated in the same manner or to the same extent as it fully set froth verbatim herein.

19.   Defendant has acted in bad faith and/or was negligent, reckless, willful and wanton in one or more of the following particulars, to-wit:

a.   In refusing to honor the claim submitted for first party benefits within thirty (30) days from reasonable proof of the claim;

b.   In unreasonably delaying payment of the Plaintiff's claim;

c.   In failing to communicate to the Plaintiff any reasonable justification for failing to honor the claim;

d.   In failing to attempt in good faith to effect a fair, prompt and equitable settlement of the claim;

e.   In compelling the Plaintiff to institute a lawsuit to recover lawful benefits due under the aforementioned policy;

f.   In refusing to honor the claim as leverage to force the Plaintiff to concede that her mother's fall was not covered and Plaintiff's claim would be denied; and,

g.   Throughout the course of dealings between the Plaintiff and Defendant, in acting negligently, in bad faith, and in reckless disregard of the rights of the insured.

20.   That as a proximate and direct result of the negligence, bad faith, recklessness and

wantonness, the Plaintiff has been damaged, including but not limited to mental and emotional distress created by the delay and the bad faith refusal of the Defendant to pay, the costs of hiring legal counsel to pursue the claim, the costs and expenses associated with bringing this action, and the loss of interest on the money owed by the Defendant due to their refusal to timely honor the claim; that the Plaintiff is therefore informed and believes that she is entitled to judgment against Defendant for loss and damage in a sum to be determined by the jury for actual and punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in an amount to be determined by the jury for actual damages, punitive damages, attorney's fees, prejudgment interests, and any such other and further relief as this Court may deem just, equitable and proper.

_____
GREGORY D. AMMONS
SMITH AMMONS, LLC
516 S. Coit Street
Florence, SC 29501
(843) 407-1583

ATTORNEY FOR PLAINTIFF

Florence, South Carolina

September 27, 2017