UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Christy Lynch, individually, and as attorney in fact for Jonathan Hanna )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Mutual of Omaha Insurance Company )<br>    Defendant. )<br>_____ ) | Case No. 4:17-cv-03136-RBH<br><br><br><br>**AMENDED COMPLAINT** |

Plaintiffs, complaining of the Defendant, would respectfully show unto this Honorable Court:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Christy Lynch is a citizen and resident of the County of Florence, State of South Carolina.

2. Plaintiff Jonathan Hanna is a citizen and resident of Florence County, State of South Carolina.

3. Upon information and belief, the Defendant is a business incorporated in the State of Nebraska and doing business in the County of Florence, State of South Carolina, through its agents, servants and/or employees.

4. That the parties, matters, and all things and matters hereinafter alleged are within the jurisdiction of this Court.

### FACTUAL ALLEGATIONS

5. That on or around December 12, 2014, Plaintiffs mother, Linda F. Hanna, slipped and fell while trying to get off of a couch in her home.

6. That when Ms. Hanna fell, she fell face/head first onto her mahogany glass top coffee

table.

7. From the time of Ms. Hanna's fall until April 14, 2015, she had many medical issues stemming from her fall.

8. Ms. Hanna passed away on April 14, 2015.

8. That prior to Ms. Hanna's fall, she purchased an accidental death policy through Defendant with a Coverage ID of 744722-28.

9. Plaintiffs were the children and named beneficiaries on the policy held with Defendant.

10. Ms. Hanna's fall was a complete and total accident, and Plaintiff should be given the amount per the accidental death policy held by Ms. Hanna until the date of her death.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Insurance Contract)

11. Each and every allegation contained in the foregoing not inconsistent herewith is reiterated in the same manner or to the same extent as it fully set froth verbatim herein.

12. That, at all times hereinafter mentioned, Defendant, through their agents, servants and/or employees, sold Ms. Hanna an accidental death policy, designated as Coverage ID of 744722-28.

13. That at all times relevant hereto, the insurance policy aforementioned was in full force and effect and all premium payments were current and Ms. Hanna complied with all conditions precedent to payment of first party benefits.

14. Defendant agreed to cover any accidental death of Ms. Hanna.

15. Ms. Hanna fell on April 14, 2015, which was the ultimate cause of her death.

16. Ms. Hanna's fall was an accident, thus should be covered under the accidental death policy with Defendant.

17. Plaintiff is informed and believes that she is entitled to a judgment against Defendant for

the claim she has submitted which has been wrongfully refused together with interest from the date of bringing this action including attorney's fees for refusal to pay this claim without reasonable cause and in bad faith pursuant to Section 38-59-40, South Carolina Code of Laws, 1976.

### FOR A SECOND CAUSE OF ACTION
### (Bad Faith Refusal to Pay First Party Benefits Under an Insurance Policy)

18. Each and every allegation contained in the foregoing not inconsistent herewith is reiterated in the same manner or to the same extent as it fully set froth verbatim herein.

19. Defendant has acted in bad faith and/or was negligent, reckless, willful and wanton in one or more of the following particulars, to-wit:

   a. In refusing to honor the claim submitted for first party benefits within thirty (30) days from reasonable proof of the claim;

   b. In unreasonably delaying payment of the Plaintiff's claim;

   c. In failing to communicate to the Plaintiff any reasonable justification for failing to honor the claim;

   d. In failing to attempt in good faith to effect a fair, prompt and equitable settlement of the claim;

   e. In compelling the Plaintiff to institute a lawsuit to recover lawful benefits due under the aforementioned policy;

   f. In refusing to honor the claim as leverage to force the Plaintiff to concede that her mother's fall was not covered and Plaintiff's claim would be denied; and,

   g. Throughout the course of dealings between the Plaintiff and Defendant, in acting negligently, in bad faith, and in reckless disregard of the rights of the insured.

20. That as a proximate and direct result of the negligence, bad faith, recklessness and

wantonness, the Plaintiffs have been damaged, including but not limited to mental and emotional distress created by the delay and the bad faith refusal of the Defendant to pay, the costs of hiring legal counsel to pursue the claim, the costs and expenses associated with bringing this action, and the loss of interest on the money owed by the Defendant due to their refusal to timely honor the claim; that the Plaintiff is therefore informed and believes that she is entitled to judgment against Defendant for loss and damage in a sum to be determined by the jury for actual and punitive damages.

## PRAYER FOR RELIEF

21.     By reason of the foregoing, the Plaintiffs have been damaged to the extent and sum to be determined by the trier of fact.

**WHEREFORE**, the Plaintiffs pray for judgment against the Defendant in an amount to be determined by the jury for actual damages, punitive damages, attorney's fees, prejudgment interests, and any such other and further relief as this Court may deem just, equitable and proper.

s/Taylor Z. Smith
Taylor Z. Smith (#12768)
Attorney for the Plaintiff
614 W. Palmetto Street
Florence, SC 29501
(843) 407-1583
(888) 247-0844 (fax)
tsmith@smithammonslaw.com
Attorney for the Plaintiffs

Florence, South Carolina

This 25 day of May, 2018

4